IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTWON BERNARD HAMILTON, (TDCJ-CID #898992) § § § Petitioner, § vs. § WILLIAM STEPHENS, § § Respondent. § | CIVIL ACTION H-15-0102 |

## MEMORANDUM ON TRANSFER

The petitioner, Antwon Bernard Hamilton, sued under 28 U.S.C. § 2254. He is serving a sentence imposed in state court in Collin County, Texas, but does not attack the validity of that conviction. He challenges a prison disciplinary hearing held at the Polunsky Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID).

Hamilton alleges that he was denied due process in disciplinary case number 20140338391. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 6-7). In, Hamilton's punishment consisted of a loss of commissary privileges for 45 days; cell restriction for 45 days; a reduction in good-time earning class status from State Approved Trusty ("SAT") 4 to Line 1; and a loss of 30 days of good-time credit.

Section 2241 specifies the court in which a section 2254 petition must be filed. *Story v. Collins,* 920 F.2d 1247, 1250 (5th Cir. 1991). Section 2241(d) states as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of

> such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

The state court that convicted and sentenced Hamilton is located in Collin County, which is within the Sherman Division of the United States District Court for the Eastern District of Texas. When Hamilton filed this federal petition, he was incarcerated at the Polunsky Unit, which is in Polk County within the Lufkin Division of the United States District Court for the Eastern District of Texas. Hamilton is still in the Polunsky Unit and challenges a disciplinary conviction there.

In *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000), the Fifth Circuit held that a district court lacks jurisdiction over a section 2254 petition challenging a disciplinary conviction and punishment imposed in a prison in the federal court's district, if neither the court imposing the initial conviction and sentence nor the current place of incarceration is in that district.

This court lacks jurisdiction over Hamilton's section 2254 petition challenging his disciplinary conviction and punishment because neither the court imposing the initial conviction and sentence nor the current place of incarceration is in this district. In the interest of justice, the Clerk must transfer this application for writ of habeas corpus and copies of the entire file to the Clerk of the United States District Court for the Eastern District of Texas, Lufkin Division.

SIGNED on February 25, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge